UNITED STATES DISTRICT COURT
Western District of North Carolina
Statesville Division
Case No. 5:23-cv-74

REBECCA TAYLOR MAYS; and
H. M., a minor, by and through REID
ACREE, as Guardian ad Litem,

        Plaintiffs,

Vs.

OLEG POLISHCHUK, an individual, d/b/a
POP TRUCKING; and
UBER FREIGHT LLC, a Delaware
Corporation

        Defendants.

**COMPLAINT**

**(Jury Trial Demanded)**

  The plaintiffs, Rebecca Taylor Mays and H. M., a minor, by and through Reid Acree as guardian ad litem, complaining of the defendants, Oleg Polishchuk, an individual, d/b/a POP Trucking, and Uber Freight LLC, allege and say:

### PARTIES AND JURISDICTION

  1.  The plaintiffs, Rebecca T. Mays, and H. M., a minor, are citizens and residents of the town of Davidson, Mecklenburg County, North Carolina. Rebecca Mays is the natural parent of minor plaintiff, H. M., who is represented by and through Reid Acree as Guardian ad Litem.

  2.  At all times relevant to this complaint, defendant, Oleg P. Polishchuk (hereinafter "Polishchuk"), was and remains a citizen and resident of the city of Harrisonburg, Virginia. Defendant Polishchuk does business as POP Trucking. On November 28, 2022, defendant

Polishchuk was the owner and operator of a 2021 Volvo tractor trailer that was traveling on the interstate highways in the state of North Carolina carrying products from Harrisburg, Virginia for delivery in Charlotte, North Carolina.

3. At all times relevant to this complaint, defendant, Uber Freight LLC (hereinafter "Uber Freight"), is a limited liability corporation authorized and existing under the laws of the State of Delaware, with a principal place of business in San Francico, California, and a registered agent located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina. At all times material to this complaint, Uber Freight has registered with and is approved to do business in the State of North Carolina. Additionally, Uber Freight regularly conducts business within the State of North Carolina.

4. The incident that formed the basis of this litigation occurred on November 28, 2022 near the town of Mooresville in Iredell County, North Carolina.

5. Jurisdiction is proper under 28 U.S.C § 1332 because the amount in controversy exceeds $75,000 and all plaintiffs are citizens of and reside in North Carolina and none of the defendants are citizens of or reside in North Carolina.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Iredell County, North Carolina.

**FACTS**

7. On the 28th day of November, 2022, at approximately 5:58 p.m., the Plaintiff, Rebecca T. Mays, was the operator of a 2006 Ford sports utility vehicle, which was owned by her husband, Patrick Mays, deceased, plate number MAYSBP, which was proceeding south on Interstate 77 near Mooresville, Iredell County, North Carolina.

2

8. At the time and place set out within this Complaint, Patrick Mays and minor plaintiff, H. M., were passengers in the above-mentioned vehicle being driven by plaintiff Rebecca Mays.

9. The plaintiffs were proceeding lawfully and carefully and obeying all rules of the road and proceeding with due care for their own safety and that of others.

10. At the time and place set out above, defendant Polishchuk, doing business as POP Trucking, was the owner and operator of a 2021 Volvo Truck/Trailer, with a license plate number 21644PZ, which was proceeding south on Interstate 77 near Mooresville, Iredell County, North Carolina.

11. At the time and place set out above, defendant Polishchuk negligently, carelessly, and recklessly, failed to reduce speed causing his tractor trailer to collide into the rear of plaintiffs' vehicle, which had stopped for traffic. Due to the force of impact, plaintiffs' vehicle was propelled over 200 feet onto the south bound off-ramp at Exit 31.

12. Due to the negligence, carelessness, and recklessness of defendant Polishchuk's actions and omissions, Patrick Mays was killed.

13. Due to the negligence, carelessness, and recklessness of defendant Polishchuk's actions and omissions, plaintiffs Rebecca Mays and H. M. were severely injured, and upon information and belief, permanently injured therein.

14. At all times relevant to this complaint, defendant Polishchuk was operating the 2021 Volvo tractor trailer on behalf of Defendant Uber Freight.

15. At all times relevant to this complaint, Polishchuk was the employee, agent, servant, representative, and/or statutory employee of Uber Freight, operating for its benefit, in

furtherance of its interests and/or within the course and scope of his employment with Uber Freight.

16. At all times relevant to this complaint, Uber Freight was operating as a carrier as that term is defined in 49 U.S.C.S. 13102(3) & (14) in that it was acting as and holding itself out as a carrier for the purpose of providing motor vehicle transportation for compensation. Uber Freight's motor carrier number is 987790, its Department of Transportation number is 2926893, and its Standard Carrier Alpha Code assigned by the National Motor Freight Traffic Association, Inc. ("NMFTA") is UBER. According to the Straight Bill of Lading dated November 28, 2022, Uber Freight was listed as the carrier (with carrier code "UBER") for the purpose of shipping Coca-Cola products from Harrisburg, Virginia to Charlotte, North Carolina. Upon information and belief, defendant, Uber Freight, hired defendant Polishchuk, doing business as POP Trucking, as its agent, representative, and/or employee to haul the Coca-Cola products for it. Accordingly, defendant Uber Freight is vicariously liable for the Polishchuk's acts and/or omissions as alleged herein.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

17. Plaintiffs reallege all preceding paragraphs as if fully alleged and set forth herein.

18. At all times material to this complaint, defendants owed plaintiffs a duty of reasonable care.

19. Defendant Polischuk breached his duty of care by negligently, carelessly, and willfully and wantonly operating the 2021 Volvo tractor trailer in one or more of the following ways:

(a) he failed to keep a proper lookout and or failed to see what could be seen in the exercise of due care.

4

(b) he operated his vehicle in a careless and heedless manner, with willful and wanton disregard of the rights of the plaintiffs, traveling in an excessive speed under the circumstances and while failing to keep a proper lookout, all in violation of the motor vehicle laws of the state of North Carolina.

(c) he operated his vehicle at a speed greater than reasonable and prudent under the conditions then existing in violation of the motor vehicle laws of the state of North Carolina.

(d) he failed to keep his vehicle under proper control in violation of the motor vehicle laws of the state of North Carolina.

(e) he failed to steer his vehicle so as to avoid colliding with the vehicle being operated by Plaintiff in violation of the motor vehicle laws of the state of North Carolina.

(f) he failed to apply brakes and or operated a vehicle with improper brakes in violation of the motor vehicle laws of the state of North Carolina.

(g) he drove his vehicle on a public highway and failed to reduce speed to avoid injury to others in violation motor vehicle laws of the state of North Carolina.

(h) he failed to reduce speed to the extent necessary to avoid a collision with the Plaintiff in violation of the motor vehicle laws of the state of North Carolina.

(i) such other negligence as will be shown at trial.

20. As a direct and proximate result of the negligence, carelessness, recklessness, and willful and wanton conduct of defendant Polishchuk, the plaintiffs were seriously injured, which upon information and belief may be permanent.

21. At the time and place set out above, defendant Polishchuk operated the 2021 Volvo tractor trailer for and on behalf of the defendant Uber Freight, in the discharge of his duties as the agent, servant, employee, and/or statutory employee of the corporate defendant, Uber Freight.

22. The negligence, carelessness, recklessness, willful and wanton conduct of defendant Polishchuk is imputed to the corporate defendant, Uber Freight, and the corporate defendant is vicariously liable for defendant Polishchuk's negligence.

23. As a result of the injuries aforesaid, plaintiff Rebecca Mays has suffered and continues to suffer great and excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of defendant Polishchuk's negligence.

24. As a result of the injuries aforesaid, plaintiff H. M. has suffered and continues to suffer great and excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of defendant Polishchuk's negligence.

25. As a further direct and proximate result of defendant Polishchuk's negligent, careless and reckless conduct, Plaintiff Rebecaa Mays has suffered and continues to suffer great mental anguish and anxiety, which are the immediate and necessary consequences of said injuries.

26. As a further direct and proximate result of defendant Polishchuk's negligent, careless and reckless conduct, minor plaintiff H. M. has suffered and continues to suffer great mental anguish and anxiety, which are the immediate and necessary consequences of said injuries.

27. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has incurred and will continue to incur medical expenses for her own diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

28. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has incurred and will continue to incur medical expenses for the minor plaintiff, H. M.'s, diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

29. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has suffered and will continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages and lost opportunities, which are the immediate and necessary consequences of her own injuries and those sustained by the minor plaintiff.

6

Case 5:23-cv-00074-KDB-DCK    Document 1    Filed 05/24/23    Page 6 of 10

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION
### (Against Defendant Uber Freight)

30. Plaintiffs reallege all preceding paragraphs as if fully alleged and set forth herein.

31. At all times material to this complaint, defendant Uber Freight operated and held itself out as a for-hire motor carrier engaged in the transportation of goods for compensation. (49 C.F.R. part 390.5)

32. At all times material to this complaint, defendant Uber Freight either operated or had the right to exercise control over drivers and equipment it employed to transport goods it had contracted to ship and, on the date and time alleged above, did in fact exercise control over defendant Polishchuk doing business as POP Trucking for purpose of carrying a shipment of Coca-Cola products from Harrisburg, Virginia to Charlotte, North Carolina. (49 C.F.R. part 390.5; 49 USCS §13101(5))

33. At all times relevant to this complaint, Uber Freight had a duty to exercise reasonable care in the employment, hiring, vetting, screening and/or selection of competent and careful independent contractors and/or motor carriers, such as Polishchuk, to transport property which involves a risk of physical harm unless skillfully and carefully done.

34. Defendant Uber Freight also had a duty to reasonably hire, instruct, train, supervise, competent and careful drivers, employee, agents and/or independent contractors, such as defendant Polishchuk, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

35. At all times material to this Complaint, Uber Freight knew or should have known that Polishchuk was not a competent, qualified and responsible driver. Polishchuk had committed several commercial motor vehicle violations, including violation of 49 CFR 395.8(a) regarding

record of duty status, violation of 49 CFR 395.8(e) making a false report in connection with a record of duty status, and violation of 49 CFR 392.16 for failure to wear a seatbelt while operating a commercial motor vehicle.

36. Uber Freight knew or should have known that Polishchuk failed to possess the knowledge, skill and experience necessary to transport freight and/or goods without creating an unreasonable risk of injury to others.

37. Defendant Uber Freight was negligent, careless and reckless with regard to its duties set forth above, which proximately caused serious injuries to plaintiffs, Rebecca Mays and H. M., including great physical pain, mental anguish, severe emotional distress, for which Uber Freight is directly liable.

38. As a result of the injuries aforesaid, plaintiff Rebecca Mays has suffered and continues to suffer great and excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of defendant Polishchuk's negligence.

39. As a result of the injuries aforesaid, plaintiff H. M. has suffered and continues to suffer great and excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of defendant Polishchuk's negligence.

40. As a further direct and proximate result of defendant Polishchuk's negligent, careless and reckless conduct, Plaintiff Rebecaa Mays has suffered and continues to suffer great mental anguish and anxiety, which are the immediate and necessary consequences of said injuries.

41. As a further direct and proximate result of defendant Polishchuk's negligent, careless and reckless conduct, minor plaintiff H. M. has suffered and continues to suffer great mental anguish and anxiety, which are the immediate and necessary consequences of said injuries.

42. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has incurred and continues to incur medical expenses for her own diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

43. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has incurred and will continue to incur medical expenses for the minor plaintiff, H. M.'s, diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

44. As a direct and further result of defendant Polishchuk's negligent, careless and reckless conduct, plaintiff Rebecca Mays has suffered and will continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages and lost opportunities, which are the immediate and necessary consequences of her own injuries and those sustained by the minor plaintiff.

**WHEREFORE** plaintiffs, Rebecca Mays and H. M., by and through her GAL respectfully seek the following:

1. Compensatory damages against defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with pre- and post-judgment interest as by law allowed from the date of the filing of this action.

2. A trial by jury on all issues so triable as by law provided.

3. That the costs of this action be taxed against the defendants, including an attorney's fee if by law allowed.

4. That they have such other and further relief as the Court may deem just, equitable and proper.

Respectfully submitted this the 24th day of May, 2023.

                                                      **LEVINE LAW GROUP, PA**

By: _/s/ Michael J. Levine_
Michael J. Levine
North Carolina State Bar # 28836
Cathy A. Williams
North Carolina State Bar # 33534
128 Medical Park Drive, Suite 300
Post Office Box 3308
Mooresville, NC 28117
Telephone: (704) 660-1770
Facsimile: (704) 660-1775