# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| **FOSTER MAYS,** | |
| **Plaintiff,** | |
| **v.** | **5:23-CV-00073** |
| **UBER FREIGHT, LLC**<br>**OLEG POLISHCHUK,** | |
| **Defendants.** | |

| | |
|---|---|
| **REBECCA TAYLOR MAYS AND**<br>**REID ACREE, AS LAWFUL**<br>**GARDIAN AD LITEM OF H.M.,** | |
| **Plaintiffs,** | |
| **v.** | **5:23-CV-00074** |
| **UBER FREIGHT, LLC**<br>**OLEG POLISHCHUK,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendant Uber Freight, LLC's ("Uber")[1]

Motions to Dismiss (Doc. Nos. 12, 11).[2] The Court has carefully considered these motions, the

---

[1] Defendant Oleg Polishchuk did not file a motion to dismiss and so the Court's Order here does not affect the claims against him, which will proceed.

[2] The Complaints, Motions to Dismiss, Reponses, and Replies in each of the cases are identical or virtually identical (with notable exceptions being the names of the plaintiffs in each case and descriptions of their alleged injuries and claimed damages). As such, the Court will only cite to the documents in the first filed case, 5:23-cv-73.

1

parties' briefs and exhibits, and applicable authority. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). The Court, for the purposes of a Rule 12(b)(6) motion,

2

takes all factual allegations as true. *See Ashcroft*, 556 U.S. at 678. However, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

## II. FACTS AND PROCEDURAL HISTORY

This suit stems from a motor vehicle accident between an 18-wheel tractor trailer owned and operated by defendant Oleg Polishchuk and a car occupied by the Mays family on November 28, 2022 (the "Accident"). *See* Doc. No. 1 at ℙ 8. The two collided on Interstate 77 near Mooresville, North Carolina after Polishchuk allegedly failed to reduce his speed and hit the rear of the Mays' vehicle, which had stopped for traffic. *Id.* at ℙℙ 10-11. Patrick Mays died as a result of the crash and Plaintiffs Rebecca Mays and minor H.M. allegedly suffered severe and permanent injuries. *Id.* at ℙℙ 12-13.

Sometime before the accident, Uber had been hired to arrange for the transportation of Coca-Cola products from Harrisburg, Virginia, to Charlotte, North Carolina. *Id.* at ℙ 16. Pursuant to that request, Uber contracted with Polishchuk (doing business as POP Trucking) to move the products. The accident occurred when Polishchuk was transporting those products. *Id.*

Plaintiffs filed this action on May 24, 2023, under the Court's "diversity" jurisdiction, 28 U.S.C. § 1332, alleging only state law claims of negligence; negligent hiring, training supervision, and retention; and wrongful death. [3]

---

[3] Because Plaintiffs' wrongful death claim incorporates the negligence and negligent hiring claims, it is subject to the same preemption analysis as the negligence and negligent hiring claims.

### III. DISCUSSION

In Uber's motions to dismiss, it asserts that (1) Uber is a broker, not a motor carrier, and (2) the FAAAA ("Federal Aviation Administration Authorization Act"), 49 U.S.C. § 14501(c)(1), preempts Plaintiffs' state law claims. The Parties appear to acknowledge that if Uber is subject to the FAAAA, and no exception to preemption applies, it cannot be held liable for claims arising out of the Accident. Thus, if these assertions are true, Uber's motion must be granted.

#### A. Uber is a Broker, not a Motor Carrier

Uber first argues that it is a "broker" with respect to its role in arranging the freight transportation. Plaintiffs disagree and argue that Uber held itself out as a "motor carrier."

Under the FAAAA, a motor carrier is "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A broker, meanwhile, is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).

Plaintiffs argue that Uber is a motor carrier because it held itself out as providing motor vehicle transportation for compensation. Specifically, they allege that Uber has a motor carrier number, an associated Department of Transportation ("DOT") Number, and a standard carrier alpha code assigned by the National Motor Freight Traffic Association, Inc., "UBER," which was on the bill of lading. *See* Doc. No. 1 at 4. In support of its argument that it is a broker, Uber

4

attached a rate confirmation, a broker-motor vehicle carrier agreement, and a DOT "Company Snapshot" to its motion.[4]

The Snapshot provided by the DOT clearly indicates that Uber is a broker. *See* Doc. No. 12-4. Although Uber has a motor carrier number and a DOT number, the "entity type" is "BROKER." *Id.* at 2. Under operating status, the Snapshot reads "AUTHORIZED FOR BROKER Property." *Id.* Further, in the agreement signed by Uber and POP Trucking, there is a clause effectively identifying Uber as the broker and POP Trucking as the carrier: "By performing the transportation services set forth in this rate confirmation, carrier agrees to perform such services pursuant and subject to the terms in this rate confirmation and the broker-motor carrier agreement entered into between carrier and Uber Freight LLC." Doc. No. 12-1 at 4. Although Plaintiffs note that the Snapshot shows Uber's motor carrier and DOT numbers, Uber persuasively argues that federal regulations require brokers to register and obtain these numbers in order to conduct their business. *See* Doc. No. 19 at 5.

"[T]he identification of [Uber] as the 'carrier' on the bill of lading does not prove that [Uber] was in fact this transaction's carrier and had merely contracted (rather than brokered) the shipment." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 581 (D. Md. 2022). This is

---

[4] As a threshold matter, the Court may consider the attached documents. Although courts generally do not consider extrinsic evidence at the motion to dismiss stage, they may consider documents attached to the motion if the document is "integral to the complaint and there is no dispute about the document's authenticity." *See Faulkenberry v. U.S. Dep't of Defense*, 1:22-cv-1150-JMC, 2023 WL 3074639, at *6 (D. Md. Apr. 25, 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021)). A document is "integral" when its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Id.* Whether Uber acted as a broker or motor carrier is essential to the preemption defense, and thus gives rise to the legal rights it asserts. The Court will accordingly consider these documents. Further, under Federal Rule of Evidence 201, a court may take judicial notice of public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A publicly available government-run webpage, such as the DOT Company Snapshot (Doc. No. 12-4), falls into that category.

because a bill of lading is generally prepared by a third party, rather than the broker, and it "is common for shippers to insert the broker's name if the carrier is unknown at the time the load is arranged." *Id.* There is no indication that Uber actually held itself out as a carrier or that it exercised control over Polishchuk other than Plaintiffs' conclusory allegations in the Complaint. *See* Doc. No. 1 at 4, ¶ 16 ("Upon information and belief, defendant, Uber Freight, hired defendant Polishchuk, doing business as POP Trucking, as its agent, representative, and/or employee to haul the Coca-Cola products for it.").

Therefore, taking the facts as alleged, even in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have not plausibly alleged that Uber is a motor carrier rather than a broker.

**B.      The FAAAA Preempts Plaintiffs' State Law Claims**

In response to Uber's argument that the state law claims at issue here are preempted, Plaintiffs argue that (1) a motion to dismiss is the improper time to assert a preemption defense; (2) even if the Court considers the preemption argument, the allegations in the Complaint do not relate to Uber's rates, prices, or services; (3) were the state law claims against Uber subject to preemption, the FAAAA's safety regulation exemption preserves the claim; and (4) it can distinguish cases discussing FAAAA preemption because those do not involve negligence claims based on agency or vicarious liability.

First, a Rule 12(b)(6) motion "is also the proper venue by which the Court considers a preemption claim." *Walker v. Service Corp. Intern.*, No. 4:10-cv-48, 2011 WL 1370575, at *3 (W.D. Va. Apr. 12, 2011) (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 195 (4th Cir. 2007)). The Court may consider the affirmative defense of preemption "provided the facts necessary to determine the issue clearly appear on the face of the complaint." *Franklin Livestock*

*Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, 113 F. Supp. 3d 834, 837 (E.D.N.C. 2015) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) (en banc)). Thus, the Court finds that it can address this argument at the motion to dismiss stage.

Second, the allegations in the Complaint are sufficiently related to Uber's rates, prices, or services so as to be preempted. Related to, under Supreme Court precedent, means "'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City Used Cars, Inc., v. Pelkey*, 569 U.S. 251, 260 (2013) (quoting *Rowe v. New Hampshire Motor Transp. Assn.*, 552 U.S. 364, 370 (2008)).

Of the three Courts of Appeals that have considered this question,[5] all have found these claims to be preempted by the FAAAA. *See Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025 (9th Cir. 2020); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268 (11th Cir. 2023); *Ye v. GlobalTranz Enterprises, Inc.*, 74 F. 4ths 453, 458-59 (7th Cir. 2023), *cert. denied.*, No. 23-475, 2024 WL 72005 (U.S. Jan. 9, 2024). The Court agrees with the reasoning in these Circuit opinions and finds that negligence and negligent hiring claims are preempted under the FAAAA for the following reasons.

A broker, as discussed above, is statutorily defined as one who "offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). The

---

[5] There is no Fourth Circuit case addressing this issue. Some district courts in this Circuit have concluded that negligent hiring cases are not preempted because they bear little to no relation to brokers' services. *See Gilley v. C.H. Robinson Worldwide, Inc.*, No. 1:18-536, 2019 WL 1410902, at *5 (S.D.W. Va. Mar. 28, 2019); *Mann v. C.H. Robinson Worldwide, Inc.*, No. 7:16-cv-102, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017). Others have found that negligent hiring or selection is preempted (but then otherwise found that the claims were covered under the safety regulation exception in the FAAAA). *See Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 581 (D. Md. 2022); *Taylor v. Sethmar Transportation, Inc.*, No. 2:19-cv-770, 2021 WL 4751419, at * 13-15 (S.D. W. Va. Oct. 12, 2021).

heart of Plaintiffs' claims is that Uber negligently arranged for transportation by a motor carrier, POP Trucking. Therefore, "[b]y its terms, [Plaintiffs'] claim strikes at the core of [Uber's] broker services by challenging the adequacy of care the company took—or failed to take—in hiring [POP Trucking] to provide shipping services." *Ye*, 74 F.4th at 459. So, allowing these claims to go forward would impermissibly "regulate brokers, not 'in their capacity as members of the public,' but in the performance of their core transportation-related services.'" *Aspen Am. Ins. Co.*, 65 F.4th at 1268. Thus, the negligence claims are preempted.

Third, the Court finds that the safety regulation exception does not apply to either the negligence or negligent hiring claim. Both parties cite the FAAAA's safety exception for motor carriers of property which provides that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). If applicable as Plaintiffs contend, then a claim may move forward even if it is preempted. However, the Court finds that the exception does not apply to any of Plaintiffs' claims. Regarding the negligent hiring claim, the safety exception falls under the preemption provision for motor carriers of property. However, as the Court has found above, Uber is a broker and the statutory preemption provision applicable to brokers does not have a safety exception. *See* 49 U.S.C. § 14501(b); *see also Ye*, 74 F.4th at 461 ("Now notice what is missing from § 14501(c)(2)(A)—any reference to brokers or broker services. While it listed broker services in § 14501(c)(1)'s express preemption provision, Congress declined to expressly mention brokers again in reference to states' safety authority."). As for the negligence claim, the exception for motor carriers could apply through vicarious liability. However, as discussed below, the Court does not find that vicarious liability has been established, again because Uber is only a broker, not a principal of the truck

driver/owner acting as its agent. Thus, the safety exception does not apply to the negligence claims and they are preempted.

Further bolstering this point is that "the relationship between brokers and motor vehicle safety will [generally] be indirect, at most." *Ye*, 74 F.4th at 461. There is no indication that Polishchuk had a history of driving under the influence, reckless driving, or that he had lost his license, all of which could bear directly upon motor vehicle safety. *Compare with Taylor*, 2021 WL 4751419, at * 2 (noting that the motor carrier had its operating authority involuntarily revoked a year prior to the collision). Instead, the allegations here are only that he made a false report in connection with a record of duty status and another time failed to wear a seatbelt. *See* Doc. No. 1 at 6, ₱ 28. Moreover, none of these allegations "purport to enforce any standard or regulation on the ownership, maintenance, or operation" of a motor vehicle. *Aspen Am. Ins. Co.*, 65 F.4th at 1272. Instead, these negligence claims at most relate to safety writ large, not safety specifically with regard to motor vehicles. In sum, to find that negligent hiring or negligence *per se* falls into the safety exception – which would likely be the consequence of finding that any tangential connection to "safety" triggers the exception – would swallow the preemption provision whole.

Fourth, Plaintiffs' assertion of vicarious liability is unpersuasive. "A broker is not vicariously liable for the negligence of its motor carrier's driver 'unless the broker had control over the driver's driving time and the condition in which he drove.'" *Ortiz*, 624 F. Supp. 3d at 582 (quoting *Schramm v. Foster*, 341 F. Supp. 3d 536, 546 (D. Md. 2004)). Plaintiff alleges that Uber "either operated or had the right to exercise control over drivers and equipment it employed to transport goods it had contracted to ship and, on the date and time alleged above, did in fact exercise control over defendant Polishchuk." *See* Doc. No. 1 at 6, ₱ 25. The Complaint makes no

factual allegations regarding that control and so the Court cannot find that such control plausibly existed.[6]

In sum, the Court finds that the state law claims against Uber are preempted by the FAAAA and therefore must be dismissed.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Uber's Motions to Dismiss (Doc. No. 12, 11) are **GRANTED** and the claims against it **DISMISSED;**

2. This case shall **proceed toward trial on the merits with the remaining Defendant** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 27, 2024

Kenneth D. Bell
United States District Judge

---

[6] Plaintiffs argue that the Court must accept its allegations as true, including the allegation that Uber excised control over Polishchuk. *See* Doc. No. 18 at 22-23. However, the Court accepts *factual* allegations as true at the motion to dismiss stage, not "legal conclusion[s] couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.3d 713, 723 (7th Cir. 1981)). Plaintiffs do not allege any facts from which the Court could find such control is plausible. They instead only conclusively assert that Uber "exercised control" over Polishchuk. The Court accordingly will not blindly accept these conclusions as true.