# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:23-CV-074-KDB-DCK

| | |
|---|---|
| REBECCA TAYLOR MAYS, and REID ACREE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** |
| OLEG POLISHCHUK, an individual and d/b/a POP TRUCKING, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of A Protective Order" (Document No. 22) filed May 1, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion. The Court adopts the parties' proposed protective order as follows:

Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the North Carolina State Highway Patrol ("SHP" or "NCSHP") are necessary for the parties to this action to obtain in order to prepare for litigation. In an effort to protect the confidentiality of this material, the SHP requires the entry of an order to release the Confidential Information and to ensure that the Confidential Information is not disclosed or used for any purpose except in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, the SHP agrees to disclose the Confidential Information in its custody and possession to Counsel for the Requesting Parties, subject to the conditions set forth herein and adopted by the Court. Accordingly, upon the

agreement of Counsel for the Requesting Parties and counsel for the SHP, it is hereby ORDERED that:

1. **Scope of the Order.** This Order requires the SHP to disclose the following information:

**The complete NCSHP Investigation, including any photographs, diagrams, measurements, or interview statements obtained, into the motor vehicle collision in Iredell County, NC which occurred on or about November 28, 2022 and was investigated under State Highway Patrol Sequence Number 22112812FA.**

If custodial law enforcement recordings, as defined by N.C.G.S. §132-1.4A, are maintained by the State Highway Patrol in this case, the release of these recordings must comply with N.C.G.S. §132-1.4A(g).

All of the documents and information provided pursuant to this Order constitutes Confidential Information. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated in this Order as Confidential Information or are subsequently designated by the State as Confidential Information and provided to the Requesting Party.

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the litigation of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3.  **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4.  **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order identify "Confidential Information" and define it as follows:

    a.  "Confidential Information" means:

        (1) Documents, materials, or information designated as Confidential Information in this Order or in any Order subsequently entered in this action;

        (2) Documents, materials, or information that is not a public record under G.S. Chapter 132;

        (3) Documents, materials, or information that is not a public record under G.S. Chapter 126; and

        (4) Other documents, materials, or information which are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

5.  **Disclosure of Confidential Information.** Confidential Information shall not be disclosed to anyone except:

    a.  The court and it's personnel as well as mediators and their personnel;

    b.  The parties to this action as required by law and pursuant to the terms of this Order, including insurance representatives;

c. Counsel for the parties in this action, and counsel's employees and/or vendors;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

e. Court reporters or videographers engaged to record depositions, hearings or the trial of this action; and

f. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter.

6. **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendor as well as any person described in Paragraphs 5(b), and 5(d) of this Order, Counsel or the party making the disclosure, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Counsel or the party making the disclosure, shall maintain the original Confidentiality Agreement and need not produce it except by request of the SHP or upon order of the Court.

7. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT ORDER" for General Confidential Information on each

          page containing such information or (2) by such other means as agreed to by the SHP and Counsel for the Requesting Party. Counsel for the SHP shall designate the documents as confidential at or before the time of the disclosure.

    b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

    c. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on Counsel for the Requesting Party.

8. **Disputes over Designations.** If Counsel for the Requesting Party objects to the designation of any information as confidential, then Counsel for the SHP and for the Requesting Party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as Confidential Information

in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information**. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, Counsel for the Requesting Party, shall request that any Confidential Information provided to any vendors as well as any person described in Paragraphs 5(b), and 5(d) of this Order either be returned or shredded. Counsel for the Requesting Party shall destroy any Confidential Information provided by the SHP in accordance with the Rules of Professional Conduct of the North Carolina State Bar. If any vendor of the Requesting Party, any person identified in Paragraphs 5(b), and 5(d) of this Order, or Counsel for the Requesting Party elects to destroy the Confidential Information itself rather than return it to Counsel for the SHP, the Counsel for the Requesting Party shall provide to counsel for the SHP a signed certification that the Confidential Information has been destroyed. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this Order.

11. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or

vitiate the admissibility under applicable Rules of Evidence of any information subject to this Order.

12.     **Modification**. This Order is without prejudice of the right of the State of North Carolina and/or the parties to this action to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**SO ORDERED**.

Signed: 5/6/2024

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I have received and read a copy of the Protective Order dated _____, 2024 filed in the United States District Court for the Western District of North Carolina in Case Numbers 5:23-CV-00073 and 5:23-CV-0074, and I understand the terms of the Protective Order. I agree that I:

    (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order;

    (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 5 of this Order; and

    (3) will utilize such confidential information solely for purposes of this litigation.

    I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, including contempt proceedings, and I consent to the jurisdiction of the above-referenced Court for such purpose.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct this the _____ day of _____, 2024.

_____
Signature

_____
Printed Name

_____
Address

_____
Address

_____
Position